MICHAEL J. McCUE (Nevada Bar No. 6055)
mmccue@lrlaw.com
JOHN L. KRIEGER (Nevada Bar No. 6023)
jkrieger@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398 fax

Attorneys for MGM MIRAGE OPERATIONS, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MGM MIRAGE OPERATIONS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYLVAIN DORAIS, an individual,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Cybersquatting under 15 U.S.C. § 1125(d)<br><br>(2) Trademark Infringement under 15 U.S.C. § 1114<br><br>(3) Unfair Competition under 15 U.S.C. § 1125(a)<br><br>(4) Trademark Dilution under 15 U.S.C. § 1125(c)<br><br>(5) State Trademark Infringement under N.R.S. § 600.420<br><br>(6) State Trademark Dilution under N.R.S. § 600.435<br><br>(7) Common Law Trademark Infringement<br><br>(8) Deceptive Trade Practices under N.R.S. § 598.0903, et seq.<br><br>(9) Intentional Interference with Prospective Economic Advantage |

For its complaint, MGM MIRAGE Operations, Inc. alleges the following.

## NATURE OF THE CASE

This is an action for cybersquatting, trademark infringement, unfair competition, and trademark dilution under federal statutes, with pendent state and/or common law claims for trademark infringement, trademark dilution, deceptive trade practices, and intentional interference with prospective economic advantage. Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant operates a website on the Internet that is accessible to residents of the State of Nevada; (b) Defendant's website is interactive in that it seeks to obtain information from web users; (c) Defendant's website is interactive in that it allows web users to gamble online; and (d) Defendant has committed tortious acts that Defendant knew or should have known would cause injury to a Nevada resident in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c). Venue lies in the unofficial Southern division of this Court.

## PARTIES

4. Plaintiff MGM MIRAGE Operations, Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Plaintiff has been authorized to protect and enforce the trademarks owned by New Castle Corp. (the "Trademark Owner").

5. Upon information and belief, Sylvain Dorais is an individual residing and doing business in Quebec, Canada.

## ALLEGATIONS COMMON TO ALL COUNTS

6. "Excalibur" is a famous destination resort hotel casino located on the world-famous "Las Vegas Strip" in Las Vegas, Nevada.

7. Since the property opened in 1990, the Trademark Owner has continuously used the EXCALIBUR trademarks in connection with advertising and promoting the property in the United States and around the world. The Trademark Owner has spent substantial sums of money to advertise and promote the EXCALIBUR trademarks in print, broadcast media, and on the Internet through the Excalibur web site accessible throughout the United States and around the world at <excaliburlasvegas.com> and <excalibur-casino.com>, among others. A true and accurate copy of the home page for the Excalibur website is attached hereto as Exhibit 1, and is incorporated by this reference. In addition, the Trademark Owner has made extensive use of the EXCALIBUR trademarks on, among other things, signage, wearing apparel, souvenirs and promotional materials.

8. The EXCALIBUR name and logo are service marks that are owned by the Trademark Owner and registered on the Principal Register of the United States Patent and Trademark Office, including, among many others:

   a. EXCALIBUR: Registration No. 1,659,163 for hotel services, and
   b. EXCALIBUR: Registration No. 1,549,563 for casino services.

9. These federal trademark registrations have not been abandoned, canceled, or revoked. Moreover, these federal registrations have become incontestable through the filing of Section 8 and 15 affidavits in the Patent and Trademark Office.

10. Based on its federal trademark registrations and extensive use, the Trademark Owner owns the exclusive right to use the EXCALIBUR trademarks in connection with hotel, casino and related services.

11. The EXCALIBUR trademarks have become distinctive and famous in the United States and around the world for resort hotel and casino services.

12. On or about October 30, 2007, Defendant registered the <casino-excalibur.com> Internet domain name with Wild West Domains, Inc., a domain name registrar. The <casino-excalibur.com> domain name contains the EXCALIBUR Marks coupled with the word "casino," which describes some of the very services offered by the Trademark Owner under its trademarks.

13. Some time after registration, Defendant redirected the <casino-excalibur.com> domain name to an online gambling website entitled "Casino Excalibur." A true and accurate copy of the "Casino Excalibur" home page of the website is attached hereto as Exhibit 2, and is incorporated herein by this reference.

14. Defendant has not registered and used the <casino-excalibur.com> domain name in good faith.

15. By registering and using a domain name containing the EXCALIBUR Marks, Defendant was and is attempting to trade on the goodwill of the Trademark Owner.

16. By registering and using a domain name containing the EXCALIBUR Marks, and by linking the same to an online gambling website, Defendant was and is attempting to create an association between the <casino-excalibur.com> domain and the Trademark Owner.

17. By registering and using the <casino-excalibur.com> domain name, Defendant was and is attempting to frustrate or divert Internet traffic intended for the Trademark Owner.

**COUNT I**
(Cybersquatting
Under The Lanham Act, 15 U.S.C. § 1125(d))

18. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

19. Defendant has registered, trafficked in, and/or used a domain name that is confusingly similar to and/or dilutive of the EXCALIBUR Marks, which were distinctive and/or famous at the time Defendant registered the <casino-excalibur.com> domain name.

20. Upon information and belief, Defendant has or has had a bad faith intent to profit from the EXCALIBUR Marks.

21. As a direct and proximate result of such conduct, Plaintiff and the Trademark Owner have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**COUNT II**
(Trademark Infringement
Under The Lanham Act, 15 U.S.C. § 1114)

22. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

23. Defendant has used and/or is using in commerce the <casino-excalibur.com> domain name, which contains the EXCALIBUR Marks, and, thus, Defendant's domain name is confusingly similar to the Trademark Owner's trademarks.

24. Defendant's use in commerce of the EXCALIBUR Marks and/or a mark confusingly similar to the EXCALIBUR Marks in the <casino-excalibur.com> Internet domain name and Defendant's directing the same to an online gambling website, constitutes a reproduction, copying, counterfeiting, and colorable imitation of the Trademark Owner's trademarks in a manner that is likely to cause confusion or mistake or that is likely to deceive consumers.

25. By using the EXCALIBUR Marks and/or a mark confusingly similar to the EXCALIBUR Marks with the knowledge that the Trademark Owner owns and has used, and continues to use, its trademarks in Las Vegas, Nevada, across the United States, and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

26. Defendant is using a mark that is the same and/or confusingly similar to the EXCALIBUR Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with the Trademark Owner, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff and the Trademark Owner.

27. Defendant is also using a mark that is the same and/or confusingly similar to the EXCALIBUR Marks in the <casino-excalibur.com> domain name to cause initial interest confusion and to divert Internet users away from the Trademark Owner's website.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

426886.1

28. Defendant's use of the EXCALIBUR Marks and/or a mark confusingly similar to the EXCALIBUR Marks has created a likelihood of confusion among consumers who may falsely believe that Defendant's business or the online gambling website, to which the <casino-excalibur.com> domain name is redirected, is associated with the "Excalibur" resort hotel casino or that Plaintiff and the Trademark Owner sponsors or approves of Defendant's services or commercial activities.

29. As a direct and proximate result of Defendant's infringement, Plaintiff and the Trademark Owner have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**COUNT III**
(Unfair Competition
Under The Lanham Act, 15 U.S.C. § 1125(a))

30. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31. Defendant's use in commerce of a mark that is the same and/or confusingly similar to the EXCALIBUR Marks in connection with Defendant's <casino-excalibur.com> domain name constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with the Trademark Owner, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by the Trademark Owner.

32. Defendant's use in commerce of the EXCALIBUR Marks and/or a mark confusingly similar thereto with the knowledge that the Trademark Owner owns and has used, and continues to use, its trademarks, constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

33. As a direct and proximate result of such unfair competition, Plaintiff and the Trademark Owner have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**COUNT IV**
(Trademark Dilution
Under The Federal Trademark Dilution Act, 15 U.S.C. § 1125(c))

34.  Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35.  The EXCALIBUR Marks are inherently distinctive. Through their adoption and consistent and extensive use, the EXCALIBUR Marks have acquired fame.

36.  Defendant began using a mark that is the same and/or nearly identical to the EXCALIBUR Marks in connection with Defendant's <casino-excalibur.com> Internet domain name after the EXCALIBUR Marks became famous.

37.  Defendant's use of the EXCALIBUR Marks and/or a mark confusingly similar thereto has and will cause dilution of the distinctive quality of the Trademark Owner's trademarks and will otherwise cause irreparable injury to its business, reputation, and goodwill.

38.  Upon information and belief, Defendant's use of the EXCALIBUR Marks and/or a mark confusingly similar thereto was willful in nature, in that Defendant willfully intended to trade on the reputation of the Trademark Owner or to cause dilution of the EXCALIBUR Marks.

39.  As a direct and proximate result of Defendant's dilution of the EXCALIBUR Marks, Plaintiff and the Trademark Owner have suffered, and will suffer, irreparable injury to their business, reputation, and goodwill.

**COUNT V**
(State Trademark Infringement
Under N.R.S. 600.420)

40.  Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41.  Defendant has used and/or is using the <casino-excalibur.com> domain name, which contains the EXCALIBUR Marks, without Plaintiff's or the Trademark Owner's consent.

42.  Defendant's use in commerce of EXCALIBUR Marks and/or a mark confusingly similar to the EXCALIBUR Marks in its <casino-excalibur.com> Internet domain name and redirecting the same to an online gambling website, constitutes a reproduction, copying,

counterfeiting, and colorable imitation of the Trademark Owner's trademarks in a manner that is likely to cause confusion or mistake or that is likely to deceive consumers.

43. By using the EXCALIBUR Marks and/or a mark confusingly similar to the EXCALIBUR Marks with the knowledge that the Trademark Owner owns and has used, and continues to use, its trademarks in Las Vegas, Nevada, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

44. Defendant is using a mark that is the same and/or confusingly similar to the EXCALIBUR Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with the Trademark Owner, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff and the Trademark Owner.

45. Defendant is also using a mark that is the same and/or confusingly similar to the EXCALIBUR Marks in the <casino-excalibur.com> domain name to cause initial interest confusion and to divert Internet users away from the Trademark Owner's website.

46. Defendant's use of the EXCALIBUR Marks and/or a mark confusingly similar to the EXCALIBUR Marks has created a likelihood of confusion among consumers who may falsely believe that Defendant's business or the an online gambling website to which Defendant redirected the <casino-excalibur.com> domain name is associated with the "Excalibur" resort hotel casino or that Plaintiff and the Trademark Owner sponsor or approve of Defendant's services or commercial activities.

47. As a direct and proximate result of Defendant's infringement, Plaintiff and the Trademark Owner have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**COUNT VI**
(State Trademark Dilution
Under N.R.S. § 600.435)

48. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

426886.1

49. The EXCALIBUR Marks are inherently distinctive. Through their adoption and consistent and extensive use, the EXCALIBUR Marks have acquired fame in the State of Nevada.

50. Defendant began using a mark that is the same and/or confusingly similar to the EXCALIBUR Marks in connection with Defendant's services, associated online gambling website, and Internet domain name after the EXCALIBUR Marks became famous in the State of Nevada.

51. Defendant's use of the EXCALIBUR Marks and/or marks confusingly similar thereto has and will cause dilution of the distinctive quality of the Trademark Owner's trademarks and will otherwise cause irreparable injury to the Trademark Owner's business, reputation, and goodwill.

52. Upon information and belief, Defendant's use of the EXCALIBUR Marks and/or marks confusingly similar thereto was willful in nature in that Defendant intended to cause dilution of the EXCALIBUR Marks or willfully intended to trade on the Trademark Owner's reputation.

53. As a direct and proximate result of Defendant's dilution of the EXCALIBUR Marks, Plaintiff and the Trademark Owner have suffered, and will suffer, irreparable injury to their business, reputation, and goodwill.

## COUNT VII
(Common Law Trademark Infringement)

54. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

55. By virtue of having used and continuing to use the EXCALIBUR Marks, the Trademark Owner has acquired common law trademark rights in the EXCALIBUR Marks.

56. Defendant's use of a mark the same and/or confusingly similar to the EXCALIBUR Marks infringes the Trademark Owner's common law trademark rights in its EXCALIBUR Marks and is likely to cause confusion, mistake, or deception among consumers who will believe that Defendant's services, the associated online gambling website and/or Internet

domain name originate from, or are affiliated with, or are endorsed by Plaintiff and the Trademark Owner, when, in fact, they are not.

57. As the direct and proximate result of Defendant's infringement of the Trademark Owner's common law trademark rights under Nevada and other common law, Plaintiff and the Trademark Owner have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

## COUNT VIII
(Deceptive Trade Practices
Under N.R.S. § 598.0915)

58. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

59. Upon information and belief, in the course of conducting business, Defendant knowingly made false representations as to an affiliation, connection, and/or association with the Trademark Owner by using a mark identical and/or confusingly similar to the EXCALIBUR Marks, and otherwise engaged in deceptive trade practices.

60. As the direct and proximate result of Defendant's deceptive conduct, Plaintiff and the Trademark Owner have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

## COUNT IX
(Intentional Interference With
Prospective Economic Advantage)

61. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

62. Upon information and belief, at the time Defendant adopted and began using a mark that is the same and/or confusingly similar to the EXCALIBUR Marks, and since that time, Defendant knew and has known that the Trademark Owner is in the business of providing resort hotel casino services, and that the Trademark Owner advertises those services on the Internet using the EXCALIBUR Marks.

63. Upon information and belief, Defendant committed acts intended or designed to disrupt the Trademark Owner's prospective economic advantage arising from providing those services.

64. Defendant's actions have disrupted or are intended to disrupt the Trademark Owner's business by, among other things, diverting web users away from the Trademark Owner's website and to the online gambling website Defendant redirected to the <casino-excalibur.com> domain name.

65. Defendant has no legal right, privilege or justification for this conduct.

66. As a direct and proximate result of Defendant's intentional interference with the Trademark Owner's prospective economic advantage, Plaintiff and the Trademark Owner have suffered, and will continue to suffer, monetary damages and irreparable injury.

67. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff and the Trademark Owner are entitled to recover monetary damages, exemplary or punitive damages and reasonable attorneys' fees and costs incurred in connection with this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant, Defendant's agents, servants, employees and/or all persons acting in concert or participation with Defendant, from: (1) using the EXCALIBUR Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and (2) registering or trafficking in any domain names containing the EXCALIBUR Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs.

B. A preliminary and permanent injunction requiring the current domain name registrar to transfer the <casino-excalibur.com> domain name to Plaintiff;

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

426886.1

C.     An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Plaintiff in an amount to be determined at trial;

D.     An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

E.     All other relief to which Plaintiff is entitled.

DATED: November 5, 2008.

LEWIS AND ROCA LLP

By: _____
Michael J. McCue
John L. Krieger
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
Attorneys for
MGM MIRAGE OPERATIONS, INC.

MGM Mirage Operations, Inc. v. Dorais
EXHIBIT 1 TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

MGM Mirage Operations, Inc. v. Dorais
EXHIBIT 1 TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF








Excalibur HOTEL • CASINO • LAS VEGAS

Language

HOTEL | CASINO | ENTERTAINMENT | RESTAURANTS | ATTRACTIONS | SPA | WEDDINGS | MEETINGS

$10 OFF PER NIGHT
BOOK HERE AND SAVE

Arrival Date
November 2008 5
Nights 1 Adults 1 Children 0
CHECK AVAILABILITY

Looking for a Las Vegas hotel that's fun, not fancy? Then you belong in a Castle – Excalibur, where you rule.

**SAVE** online promotions 

**EAT** dining options 

**AIR/HOTEL** vacation packages 

**SEE** enjoy a great show 

ENTER YOUR EMAIL ADDRESS TO RECEIVE ROOM SPECIALS FROM EXCALIBUR GO

Travel Agents | Employment | Contact the Castle | FAQ | Mobile Website | Map | Press Room | Site Map | RSS | Download Brochure
Bellagio | Circus Circus | CityCenter | CityCenter Residential Sales | Luxor | Mandalay Bay
MGM Grand | Monte Carlo | New York-New York | Mirage | Treasure Island
Privacy Policy | Terms of Use | Become an Affiliate

Copyright © 2008 MGM MIRAGE. All rights reserved. MGM MIRAGE

MGM Mirage Operations, Inc. v. Dorais
EXHIBIT 2 TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

MGM Mirage Operations, Inc. v. Dorais
EXHIBIT 2 TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



**Accueil** | **Espace Libre** | **Espace Libre** | **Espace Libre** | **Espace Libre** | **Espace Libre** | **Espace Libre**

Affichez votre publicité sur Casino Excalibur. Prix spéciaux sur les forfaits personnalisés. Me contacter pour de plus amples informations.

## MENU

- TamTam Casino
- Casino 770
- Casino Golden Palace
- Casino Euro Partners
- Casino Baraka
- Casino Tropez
- Casino City Club
- Casino 888
- Casino Prime Partners
- Casino Roxy Palace
- Titan Poker
- Votre publicité ici
- Jeux gratuit € Partners
- Jeux gratuit 770
- Tutoriaux Excalibur

**JOUER AU POKER**

# Bienvenue sur Casino Excalibur

### Casino Excalibur

Casino Excalibur vous offrent des taux de reversement plus élevés que les casinos réels. Les casinos virtuels proposés sont divisés en deux grandes catégories:

**Avec téléchargement :** Le joueur doit d'abord télécharger un programme à installer sur son ordinateur personnel, et ce programme communique avec le serveur de jeux.

**Sans téléchargement :** L'affichage est géré directement par le serveur de jeux, en HTML, Java ou en Flash.

### Casino Tam Tam



TamTam Casino est le dernier né des casinos en ligne. Ce casino est promis à un grand avenir, il vous offe de nombreux prix et bonus. Vous retrouverez sur TamTam Casino des jeux aux graphiques de dernière génération: de la roulette, des machines à sous, du vidéopoker, du blackjack…et attendez vous à vivre toute l'euphorie des vrais casinos.

**[Visitez Tam Tam Casino]**

### Casino Vendome

### CASINO 770

Le Casino Vendôme a été créé pour les amoureux des casinos virtuels .Tout a été pensé pour le mieux être de leurs joueurs. N'hésitez pas à profiter de leur offre de bienvenue de 200% sur







votre premier dépôt : déposez 100€, jouez avec 300€. Vous retrouverez chez Casino Vendôme l'atmosphère et l'euphorie d'un casino classique.

**[ Visitez Casino Vendome ]**

L'objectif de Casino Baraka est de vous démontrer leur professionnalisme en matière de casinos virtuels. Vous verrez que leurs jeux ont été créés en réplique exacte de ceux que vous pourriez trouver dans un vrai casino. Vous pourrez jouer jusqu'à 5000€ sur le tapis, et non avec un maximum de 300€ comme dans la majorité des autres casinos virtuels. Ce qui fait de Casino Baraka le neck plus ultra du jeu virtuel.

**[ Visitez Casino Baraka ]**




**Casino Baraka**












**Casino Fiesta**  **Casino Eplayaz**  **Le Poker**  **Tutoriaux Excalibur**

**Annuaire Casino**
Créer votre Annuaire GRATUIT !

annuaire-premier est un annuaire généraliste, visitez les caté

Casino Virtuel Annuaire gratuit Référencement Moteurs Gratuit - Foot RSS Annuaire gratuit Annuaire Looking.fr annuaire casino Jok'Annuaire Casinos World

casino en ligne casinos virtuels Casino sur BIG-annuaire Jeux Annuaire annuaire-live annuaire internet

Copyright 2008 © Casino-excalibur
Contacter le Webmestre